UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF NORTH CAROLINA
(Northern Division)

File No.: 2:10-CV-00011

BARBARA K. LIES,

        Plaintiff

v.

ROANOKE CHOWAN COMMUNITY,
COLLEGE, a constituent of the
North Carolina Community
System,

        Defendant

**PROTECTIVE ORDER**

Documents and information have been and are likely to be sought in discovery in this proceeding, which documents and information relate to employee personnel matters that are confidential and may be disclosed only under court order, pursuant to Article 2A, Chapter 115D of the North Carolina General Statute. The statute provides, in pertinent part, that "all information contained in a personnel file . . . is confidential." Pursuant to N.C. Gen. Stat. §115D-29(4), a litigant may inspect such confidential information upon proper court order. In addition, documents sought in discovery in this proceeding relate to income tax returns, including the returns of individuals not a party to this litigation and which may be subject to the nondisclosure requirements of 26 USCS §6103.

The parties have filed a joint motion requesting that the court enter a protective order to govern the discovery and use of

confidential information in this proceeding. The court now enters this Protective Order to ensure, among other things, that designated confidential information will not be used for any purpose other than this action, and will not be made public or otherwise disseminated unless authorized by this Protective Order.

The court finds that any such confidential information produced should be subject to this Protective Order, and that good cause exists for the entry of this Protective Order.

The court, therefore, enters this Order pursuant to Rules 26(c) & (f) of the Federal Rules of Civil Procedure and for good cause shown to govern the discovery of confidential personnel information in this action.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. "Confidential Information" includes information which is referenced in N.C. Gen. Stat. §115D-29, as well as information covered by 26 USCS §6103. Information is not confidential if it (a) was, is, or becomes public knowledge, not in violation of this Protective Order; (b) is acquired by a third-party having the right to disclose such information or material; (c) was lawfully possessed by the party prior to the entry by the court of this Protective Order; or, (d) was independently developed by the non-designating party without resort to information or material produced by the producing party.

2. Any such Confidential Information submitted either in response to discovery requests or pursuant to order in this matter, which is asserted by any party to this litigation to contain or constitute Confidential Information, shall be so designated by such party in writing, or orally at a deposition, and shall be segregated from other information being submitted. Such documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL, PROTECTIVE ORDER, 2:10-CV-11", or a comparable notice. Such information shall be disclosed at any hearing only to court personnel, to the parties and to counsel for the parties and their employees.

3. In the absence of written permission from the designating party or an order by the court, any Confidential Information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and the employees thereof; (ii) court reporters and stenographers engaged for the taking of deposition testimony or other discovery in this litigation; (iii) counsel for parties to this lawsuit, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) expert witnesses and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (v)

3

Case 2:10-cv-00011-FL   Document 12   Filed 07/29/10   Page 3 of 9

deponets or other witnesses who are called to give testimony in this action; and (vi) such other persons as the party producing the Confidential Information may consent to in writing. Any Confidential Information shall be used solely for the purposes of this litigation. Parties may use the information to prepare for trial. Nothing in this Order is intended to interfere with the rights of an employee of defendant with respect to his or her personnel file or the rights of the person or agencies authorized pursuant to N.C. Gen. Stat. §115D-29(a)(5) from examining Confidential Information to the extent permitted by law.

4. Confidential Information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(iv)(v) or (vi) unless he or she shall have first read this Order and shall have agreed (i) to be bound by the terms thereof; (ii) not to reveal such Confidential Information to anyone other than another person designated in paragraph 3; and (iii) to utilize such Confidential Information solely for purposes of this litigation.

5. If the Court orders, or if all parties to the litigation agree, that access to, or dissemination of, information submitted as Confidential Information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based

4

upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

 6. Before filing any information that has been designated as Confidential Information with the court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information designated "CONFIDENTIAL" about how it should be filed. If the party that produced the information designated as Confidential Information desires that the materials be filed under seal, then the filing party shall file the materials under seal with notice served upon the producing party. When a party seeks to file any Confidential Information, including portions of any transcripts, the party shall submit such materials in a sealed envelope or other appropriately sealed container which covering shall be endorsed with the title of this action, the identity of the party filing and/or serving the material, and a statement substantially in the following form: "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER." The filing of the materials under seal shall not be binding on the court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall submit to the court a motion to seal and a supporting memorandum of law in which the movant specifies the interests which would be served by restricting public access to those documents, as well as the following: (a)

5

the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) whether it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, where any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. The court will docket the motion reasonably in advance of deciding the issue, or where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will grant the motion only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the document(s). Documents submitted under seal in accordance with this paragraph shall remain under seal pending the courts'

ruling. If the party desiring that the information be maintained under seal does not timely file a motion to seal, then the materials will be deemed unsealed, without need for order of the court.

If the motion to seal is granted, the Clerk of Court shall maintain all the sealed envelopes intact and unopened except as otherwise directed by the court; however, such information shall be available at all times to the court and to such persons as are permitted access to Confidential Information under Paragraph 3 of this Order.

7. If a party to this Order who is to be a recipient of any information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the designating party in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this Order. If prior to, or at the time of such a conference, the designating party withdraws its designation of such information as being subject to this Order, but nonetheless submits such information for purposes of this litigation, such party shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the court. If the recipient and designator are unable to concur upon the status of the subject information submitted as confidential personnel information with ten days

7

from the date of notification of such disagreement, any party to this Order may raise the issue of the designation of such status to the court, which shall consider the issue.

8. If Confidential Information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the opposing counsel and the court and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

9. This Order is concerned only with procedures for the disclosure and use of Confidential Information during the pretrial stages of this action. A separate order may be entered at the appropriate time regarding the use of Confidential Information during the trial or trials of any matter or issue herein.

10. Upon final adjudication of this matter, each party and its, his or her counsel that are subject to this order shall dispose of all items containing Confidential Information submitted in accordance with paragraph 2 above pursuant to a final order of the court.

SO ORDERED, this the 29th day of July, 2010.

                                              */s/ Louise W. Flanagan*
                                              U.S. DISTRICT COURT JUDGE/~~MAGISTRATE~~
                                              LOUISE W. FLANAGAN

F:\clients\26107-0.jdl\protective order.wpd